IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUSAN HUNTER                                        PLAINTIFF

            v.              Civil No. 07-2116

BRAUM'S Inc., d/b/a Braum's
Ice Cream and Dairy Store,
#229                                                DEFENDANT

### O R D E R

NOW on this 19th day of September, 2008, comes on for consideration the defendant's **Motion for Summary Judgment (Doc. 14)** and the defendant's **Motion to Grant Summary Judgment on the Merits and Due to the Plaintiff's Failure to Timely Respond (Doc. 22)**. The Court, being well and sufficiently advised, finds that both motions should be **GRANTED**. The Court finds and orders as follows with respect thereto:

1.  Plaintiff instituted this action in late 2007, alleging that the defendant terminated her employment on the basis of her age and religion and in an effort to prevent her husband from receiving medical insurance benefits under plaintiff's employment benefits plan. Plaintiff asserted that the defendant's actions violated her rights under Title VII, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, and the Arkansas Civil Rights Act.

2.  The history of the proceedings relating to the motions now before the Court is as follows:

* On August 4, 2008, the defendant filed a motion for summary judgment. (Doc. 14.)

* On August 22, 2008, after the deadline for responding to the motion had already passed, plaintiff sought an extension of time to file her response. (Doc. 17.)

* The Court granted plaintiff an extension until September 2, 2008. (Doc. 19.) On that date, plaintiff filed a second motion for extension of time, seeking an additional three days to file her response and stating that "no other extension of time will be necessary." (Doc. 21 ¶ 4.)

* The Court granted plaintiff an extension until September 5, 2008.

* Defendant now moves the Court to grant its summary judgment motion, as two weeks have elapsed since the September 5th deadline and plaintiff has yet to respond to the motion. (Doc. 22.)

3. Federal Rule of Civil Procedure 56(e)(2) provides:

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

4. The defendant has supported its summary judgment motion with excerpts from plaintiff's deposition and "Corrective Action

Reports" issued to plaintiff.  (Doc. 15 Exs. 1 and 2.)  These exhibits indicate that plaintiff was terminated for repeatedly failing to complete proper paperwork when she made mistakes on the cash register.  Plaintiff has not responded to the summary judgment motion or otherwise offered any evidence that her termination was motivated by her age, religion, or to prevent her husband from collecting medical benefits.  Accordingly, plaintiff has failed to demonstrate the existence of any genuine issue for trial and summary judgment is, therefore, appropriate.

5.   Based on the foregoing, defendant's **Motion for Summary Judgment (Doc. 14)** and **Motion to Grant Summary Judgment on the Merits and Due to the Plaintiff's Failure to Timely Respond (Doc. 22)** are hereby **GRANTED** and plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE